UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60164-CIV-ALTONAGA/White

JESSE RACENE,

    Petitioner,

vs.

WALTER A. MCNEIL,

    Respondent.
_____/

## ORDER

**THIS CAUSE** came before the Court on Magistrate Judge Patrick A. White's Report and Recommendation, issued on December 22, 2009 **[D.E. 18]**. On January 30, 2009, Petitioner, Jesse Racene ("Racene"), filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[D.E. 1]**. The Court referred the Petition to Magistrate Judge White under 28 U.S.C. § 636(b)(1)(B). In his Report, Judge White recommends denial of the Petition. Petitioner has not filed any objections to Judge White's Report, and the time for filing objections has passed.[1] The Court has carefully reviewed Judge White's Report, the parties' written submissions, and the applicable law, and has conducted a *de novo* review of the record.

The Petitioner alleges ineffective assistance of counsel in three instances: (1) failure to file motions to suppress statements Petitioner made to the police; (2) failure to challenge the authenticity and admissibility of a surveillance video recording used at trial; and (3) failure to file an adequate motion for judgment of acquittal. Judge White correctly addressed the three claims.

---

[1] "Failure to object to the magistrate's factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Case No. 06-60164-CIV-ALTONAGA/White

First, there is no evidence Petitioner's statements to police were the product of coercion, and all were either spontaneous and non-interrogatory or made following proper *Miranda* warnings. *See Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). Therefore, Petitioner's statements were not lawfully subject to suppression, and he has not shown how he was prejudiced by counsel's failure to have filed a motion to suppress. Petitioner's second contention regarding the admissibility and authenticity of a video recording is also without merit because counsel had no obligation to raise issues that had little or no chance of success. *See Knowles v. Mirzayance*, 129 S.Ct. 1411, 1422 (2009). The video recording was properly authenticated and admissible. Finally, counsel for the Petitioner not only moved for judgment of acquittal in a timely fashion during trial, counsel later renewed the motion. As Judge White correctly observes, even if counsel's argument was deemed to be deficient, Petitioner would not be entitled to relief because Petitioner failed to establish the prejudicial impact of the alleged deficiency. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The undersigned fully agrees with the analysis and recommendations stated in Judge White's Report. Accordingly, it is

**ORDERED AND ADJUDGED** that Judge White's Report **[D.E. 18]** is **AFFIRMED AND ADOPTED** in total as follows:

1. Petitioner, Jesse Racene's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **[D.E. 1]** is **DENIED**.

Case No. 06-60164-CIV-ALTONAGA/White

2. The Clerk of the Court is directed to **CLOSE** this case, and all pending motions are

**DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 19th day of January, 2010.

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:  Magistrate Patrick A. White
counsel of record

Jesse Racene, *pro se*
DC #188165
Century Correctional Institution
400 Tedder Road
Century, FL 32535-3655